### MARK A. HEATH *v.* JOHN BLIGH.

The Supreme Court, sitting as a Court of Equity, will send the issue of fact raised by a bill in equity, to a jury for their determination, where the testimony offered respectively by the complainant and respondent is so conflicting, as to leave them in doubt as to the preponderance of proof.

A motion to amend an answer in equity held not to come too late, simply because made when the suit was pending before the full court on appeal from a decree of a single justice.

DURFEE, J.    This cause was heard at a former term of the court, the right of the plaintiff to the relief prayed for being controverted mainly, if not exclusively, upon certain allegations of fact.    The evidence was of such a character, and taken in connection with the pleadings, appeared to us so closely balanced as to one or more of these allegations, that, though not prepared to decide in favor of the plaintiff, we at the same time were not satisfied that a decision in favor of the defendant would be doing justice between the parties.    The court, in announcing its opinion, expressed this feeling, and stated that it had come to the conclusion to dismiss the bill, but without prejudice to the right of the plaintiff to proceed at law against the defendant. The counsel for the plaintiff objected to this disposition of the case, and claimed that under such circumstances the more proper course would be, to direct an issue to the jury as to any matter upon which the court was then unsatisfied.    From the examination which we have given to the subject, we are of the opinion that this course is more conformable to the practice in courts of chancery, and accordingly will direct an issue to the jury.

It appeared at the hearing of the cause before us, that there was a variance between the defendant's answer and a portion of the testimony taken in his behalf, and this portion of his testimony being objected to on that account, the defendant moved for leave to amend his answer, so as to obviate the objection, claiming that the variance was the result of a mistake or over-

sight in the drawing of the answer. The plaintiff's counsel resisted this motion, and, partly, on the ground that the cause having been brought before us on appeal from a decree of a single justice, it was too late to allow the amendment. We think, however, that the amendment may still be made, and will allow it to be made before the issue to be found is submitted to the jury.

*James Tillinghast and Updike for the complainant.*
*G. H. Browne and Ripley for the respondent.*